# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| HARLEYSVILLE INSURANCE COMPANY, | )<br>) |
| Plaintiff, | ) Case No. 1:15CV00057 |
| v. | ) **OPINION AND ORDER** |
| HOLDING FUNERAL HOME, INC., ET AL., | ) By: James P. Jones<br>) United States District Judge |
| Defendants. | ) |

*Robert Tayloe Ross, Robert S. Reverski, Jr., and David Paul Abel, Midkiff, Muncie & Ross, P.C., Richmond, Virginia, for Plaintiff; C. Thomas Brown, Silver & Brown, Fairfax, Virginia, for Defendants.*

The plaintiff, an insurer of commercial property, invoking this court's diversity jurisdiction, seeks a declaratory judgment that it is not obligated to pay claims filed by the insureds for damages resulting from arson, that the insurance contract is void due to material misrepresentations by the insureds, and that the insurer is entitled to a refund of all advances made by it under the insurance contract. The defendants, the insureds, have moved to dismiss for failure to state a claim and have asserted a counterclaim against the insurer.

Reviewing the plaintiff's allegations in the light most favorable to it, I find that the Second Amended Complaint states plausible claims for declaratory relief. Accordingly, the defendants' Motion to Dismiss is denied.

I.

The Second Amended Complaint alleges the following facts, which I must accept as true for purposes of deciding the Motion to Dismiss.

Harleysville Insurance Company ("Harleysville") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Harleysville, Pennsylvania. Harleysville is licensed to do business as an insurance company under the laws of the Commonwealth of Virginia.

Defendants and Counterclaimants Holding Funeral Home, Inc. ("Holding") and L.J. Horton Florist are corporations, organized under the laws of the Commonwealth of Virginia, with principal places of business in Big Stone Gap, Virginia. Marvin Blake Wilson, Jr. is the sole owner of these two entities.

Golden Rule Family Management, LLC, doing business as Holding Funeral Home of Castlewood ("Holding of Castlewood"), is a corporation, also organized under the laws of the Commonwealth of Virginia, with its principal place of business in Castlewood, Virginia. Michael Riebe and Marvin Blake Wilson, Jr. each hold a fifty percent interest in Holding of Castlewood.

Harleysville and the defendants were parties to a renewal contract of insurance issued by Harleysville for the time period of November 23, 2013, to November 23, 2014 (the "Insurance Contract"). The Insurance Contract provides

commercial property insurance coverage for Holding of Castlewood for a funeral home located in Castlewood, Virginia.

On October 22, 2014, a fire damaged the funeral home. Harleysville conducted an independent investigation and found both that the fire had been intentionally set and that it had been directly or indirectly caused or arranged for by the defendants. The limit of property insurance coverage had been increased from $850,000 to $1,200,000 less than three weeks prior to the fire. Upon receiving notice of the fire loss and the resulting claims on October 22, 2014, Harleysville began investigating the claims. During the course of the claims investigation, Riebe and his wife gave false alibis regarding their whereabouts around the time of the fire, and Riebe falsely informed Harleysville that he was unaware of any police arson investigation, that certain corporate documents requested by Harleysville had been burned in the fire, that he had placed an advertisement offering a reward for information relating to the fire, and that he had not been at the premises in the days prior to the fire.

Harleysville requested that Holding of Castlewood provide documents and information needed for the investigation. Holding of Castlewood responded with

only a partial document production. Harleysville renewed its request on twenty subsequent occasions.[1]

On March 23, 2015, Harleysville provided Holding of Castlewood with proof of loss forms for the building, contents, and business income claims. On April 8, 2015, Holding of Castlewood filed a Sworn Statement in Proof of Loss as to the building, which was dated April 3, 2015, and contained a claimed Partial Replacement Cost of $1,151,002.10 and a claimed Partial Actual Cash Value of $921,997.24. Harleysville neither accepted nor rejected the proof of loss for the building pending its investigation of the claim.

On May 22, 2015, Holding of Castlewood filed a Sworn Statement in Proof of Loss as to the contents, with a claimed Partial Replacement Cost of $182,261.76 and a claimed Partial Actual Cash Value of $145,998.73. Although requested to do so, Holding of Castlewood did not provide an itemized inventory or any documentation to support its claim with respect to the loss of its contents. The same day, Holding of Castlewood also filed a Sworn Statement in Proof of Loss as to the business income, with a claimed Partial Replacement Cost of "Not Determined." (Compl. Ex. 24, ECF No. 1.)

---

[1] Harleysville renewed its requests by correspondence dated December 2, 2014, and January 5, February 6, February 24, February 27, March 6, March 23, April 27, June 12, July 9, August 5, August 18, August 19, September 4, September 14, September 17, September 29, October 15, November 2, and November 10, 2015.

Harleysville neither rejected nor accepted the proofs of loss for the contents and business income claims because its investigation of the fire claim was still pending, the proofs of loss were incomplete and failed to identify the full amount of the claims, and Holding of Castlewood failed to document the amounts of the claims as required under the Insurance Contract. On June 12, 2015, Harleysville requested via letter that Holding of Castlewood properly complete the business income proof of loss forms and produce documents to support its claim in that regard.

Holding of Castlewood claimed a total loss amount of $1,333,263.86. Pursuant to an advance payment receipt, Harleysville made advance payments totaling $582,674.63 to the defendants, their mortgagee, and the loss payee on this claim.

Examinations Under Oath ("EUOs") were conducted on August 24-26, 2015, at which time Holding of Castlewood produced an inventory of contents alleged to have been damaged by the fire in the amount claimed on the May 22 proof of loss. Harleysville's investigation of the fire and claim revealed misrepresentations regarding the contents claim in excess of $46,000. During the EUOs, Holding of Castlewood also confirmed the existence, as well as its possession, of financial documents and information that had been requested but not yet produced.

Holding of Castlewood has failed to comply with the "Duties in the Event of Loss" conditions of the Insurance Contract, including the duty to cooperate with Harleysville during its investigation of the claim. In this regard, Holding of Castlewood has failed to produce certain requested financial records, including bank statements, ledgers, and journals, and has failed to provide access to its accountant.

Harleysville filed this action pursuant to diversity jurisdiction, alleging that the amount in dispute exceeds $75,000, Harleysville is a citizen of the Commonwealth of Pennsylvania, and the defendants are citizens of the Commonwealth of Virginia. (Second Am. Compl. ¶¶ 4-9, ECF 25.) Harleysville seeks a declaration that (1) the defendants caused, or directly or indirectly procured and/or arranged for, the intentional burning of the property at issue; (2) the insurance contract is void as a result of the defendants' intentional misrepresentations and/or concealments of material facts during the claims investigation; and (3) Harleysville has no duty to pay insurance benefits to the defendants in connection with the fire or resulting claims because the defendants have materially breached the Insurance Contract by failing to comply with the contract's duties after loss conditions, which are conditions precedent to insurance coverage under the contract.

The defendants filed an Answer and Counterclaim on March 4, 2016, that includes two breach of contract claims. (Defs.' Answer and Countercl. ¶¶ 118-28, ECF No. 20.) In addition, on June 3, 2016, the defendants moved to dismiss the Complaint for failure to state a claim upon which relief can be granted or, in the alternative, for a more definite statement. They argue that Harleysville seeks "an advisory opinion on a hypothetical denial" of the insurance claim. (Defs.' Mem. in Supp. of Mot. to Dismiss 3, ECF No. 27.) The defendants also argue that Harleysville's factual allegations with respect to its fraud claims are inadequate because they are insufficiently specific and therefore fail to satisfy Rule 9 of the Federal Rules of Civil Procedure.

The defendants' motions are ripe for decision, having been fully briefed by the parties.[2]

## II.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of actions that fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999).

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not significantly aid the decisional process.

In order to survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

In deciding whether a complaint will survive a Rule 12(b)(6) motion to dismiss, the court considers the complaint and any documents attached or incorporated by reference into the complaint. *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011)). In ruling, the court must regard as true all of the factual allegations contained in the complaint, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and must view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury,* 536 U.S. 403, 406 (2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679.

A.

The defendants first assert that Harleysville's Second Amended Complaint should be dismissed because it seeks an advisory opinion, rather than a declaratory judgment. The defendants argue that without denial of the insurance claim, there is no case or controversy.

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," the court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A federal court may properly exercise jurisdiction to issue declaratory relief when three requirements are met: (1) the complaint alleges an actual controversy between the parties; (2) the court has an independent basis for jurisdiction; and (3) the exercise of jurisdiction is not an abuse of discretion. *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 592 (4th Cir. 2004). Here, the defendants contend that there is no case or controversy until Harleysville denies the claim.

The inquiry as to whether the dispute is a case or controversy "focuses on whether the controversy is definite, concrete, real and substantial[,] as opposed to simply a request for an advisory opinion involving some hypothetical, abstract, or academic question." *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 78 (E.D. Va. 1991) (internal citations and quotation marks omitted).

In support of their argument, the defendants cite to *United Public Workers of America v. Mitchell*, 330 U.S. 75 (1947). The plaintiffs in *Mitchell* sought a declaratory judgment concerning the unconstitutionality of certain statutory language. *Id.* at 82. The court found that the plaintiffs clearly sought "advisory opinions upon broad claims of rights" protected by the Constitution and held that, for adjudication of constitutional issues, concrete legal issues, rather than abstractions, must be presented in actual cases. *Id.* at 89. However, unlike *Mitchell*, the facts set forth in the present action show "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

"It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capital Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998). Here, Harleysville is seeking a declaratory judgment to clarify "a construction of definite stated rights" under the Insurance Contract. *Id.* Specifically, Harleysville seeks a declaratory judgment to determine (1) whether the defendants have complied with the terms of the Insurance Contract; (2) whether arson and subsequent material misrepresentations by the defendants render the Insurance Contract void ab initio; and (3) whether the defendants' claims are otherwise covered under the terms of

-10-

the Insurance Contract. This is precisely the type of contractual uncertainty that declaratory judgments are designed to address, because a determination of these issues will "serve a useful purpose in clarifying the legal relations in issue" and "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Newton*, 138 F.R.D. at 79 (internal quotation marks omitted). Indeed, a determination that the Insurance Contract is void due to arson or material misrepresentations would be dispositive of the action. Accordingly, I find that Harleysville has properly stated a claim for a declaratory judgment.

B.

The defendants also argue that the Second Amended Complaint fails to properly and specifically allege fraud and the particulars of the lack of a condition precedent as required by Rule 9 of the Federal Rules of Civil Procedure.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The standard set forth by Rule 9(b) aims to provide defendants with fair notice of claims against them and the factual ground upon which they are based, forestall frivolous suits, prevent fraud actions in which all the facts are learned only following discovery, and protect defendants' goodwill and reputation." *McCauley v. Home Loan Inv. Bank,* 710 F.3d 551, 559 (4th Cir. 2013); *see also United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc.,* 707 F.3d 451, 455–56 (4th Cir. 2013). A court

"should hesitate to dismiss a complaint under Rule 9(b) if [the court is] satisfied (1) that the defendant has been made aware of the particular circumstances for which it will have to prepare a defense at trial, and (2) that [the] plaintiff has substantial prediscovery evidence of those facts." *McCauley*, 710 F.3d at 559 (internal citation and quotation marks omitted).

In Count II of its Second Amended Complaint, Harleysville alleges the following:

> Holding of Castlewood intentionally concealed from, and/or misrepresented to, Harleysville a number of facts during the investigation of the Claim, including but not limited to, Holding of Castlewood's inflated and exaggerated contents claim; Mr. Wilson's and Mr. Riebe's false denial of their knowledge of the law enforcement authorities' investigation of the Fire; Mr. Riebe's false statement to Harleysville that he had posted a reward for information relating to the Fire; and, Mr. Riebe's false representations regarding the removal of documents from the Premises prior to the Fire and the destruction of documents during the Fire.

(Second Am. Compl. ¶ 53, ECF No. 25.)

"[T]he circumstances required to be pled with particularity under Rule 9(b) are the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley*, 710 F.3d at 559 (internal quotation marks and citations omitted). Harleysville alleges the identity of the person making each of these misrepresentations or concealments as well as the contents of the statements or

concealments. Although Harleysville fails to allege precisely when and where such misrepresentations were made, it does allege that such statements or concealments were made "during the investigation of the Claim." (Second Am. Compl. ¶¶ 53-54, ECF No. 25.) Accordingly, I find that the facts alleged in the Complaint provide adequate notice to the defendants of "the particular circumstances for which [they] will have to prepare a defense at trial," *McCauley*, 710 F.3d at 559 (internal quotation marks and citation omitted), and that Harleysville has sufficiently pleaded Count II with the specificity required by Rule 9(b).

In Count III, Harleysville alleges that the Insurance Contract is void because the defendants failed to comply with certain conditions precedent required under the Insurance Contract. The federal rules provide that "when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c).

Specifically, Harleysville contends that the defendants failed to produce documents and information or otherwise respond to a number of specific requests by Harleysville, failed to comply with the condition allowing Harleysville access to the defendants' accountant and financial records, and failed to comply with the condition that signature pages of EUO transcripts be notarized and returned. Viewing these allegations in the light most favorable to Harleysville, I find it has

-13-

satisfied the heightened pleading requirement under Rule 9(c). Harleysville identifies the sections of the Insurance Contract setting forth the requisite conditions precedent and specifically identifies which of these conditions the defendants have failed to satisfy. Although Count III does not specifically identify which documents the defendants have failed to produce, Harleysville previously supplied the defendants with specific requests for information and documents. Therefore, the defendants have been afforded adequate notice. Accordingly, I find that Count III sufficiently states a claim for which relief can be granted and will deny the defendants' motion in this regard.

C.

Finally, the defendants argue that the plaintiff's Complaint fails to allege proper causes of action because it seeks relief that cannot be provided by a declaratory judgment. The defendants contend that this court can neither enter an order stating that the Insurance Contract is unenforceable nor enter a money judgment in favor of Harleysville for amounts previously paid to the defendants.

Because I have already determined that Harleysville has properly stated a claim for declaratory judgment, it follows that "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202. Therefore, if I were to enter a declaratory judgment

-14-

declaring the Insurance Contract void, I would have the power to order a return of any amounts previously paid.

### III.

I emphasize that I merely hold that Harleysville's claims are sufficient to survive a motion to dismiss. *See Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) ("A Rule 12(b)(6) motion to dismiss 'does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses.'" (quoting *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992))).

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss (ECF No. 26) is DENIED.

ENTER: September 8, 2016

/s/ James P. Jones
United States District Judge

-15-

Case 1:15-cv-00057-JPJ-PMS   Document 43   Filed 09/08/16   Page 15 of 15   Pageid#: 979