# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **HARLEYSVILLE INSURANCE CO.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15CV00057 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **HOLDING FUNERAL HOME, INC., ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Robert T. Ross, David P. Abel, and Robert S. Reverski, Jr., Midkiff, Muncie & Ross, P.C., Richmond, Virginia, and John L. Cooley, CooleySublettPearson PLC, Roanoke, Virginia, for Plaintiff and Counter-Defendant Harleysville Insurance Company; Glenn H. Silver, C. Thomas Brown, Erik B. Lawson, and Caitlin M. Brown, Silver & Brown, Fairfax, Virginia, for Defendants and Counter-Claimants Holding Funeral Home, Inc., Golden Rule Family Management, LLC, and L.J. Horton Florist, Inc.*

This is a diversity action arising out of a claim for fire insurance coverage. Harleysville Insurance Company ("Harleysville") seeks a declaration that it has no duty to pay insurance benefits to Holding Funeral Home, Inc., Golden Rule Family Management, LLC, and L.J. Horton Florist, Inc. ("Defendants"). The defendants counterclaim for breach of contract.

Proceedings on the merits of this case have been stayed pending the disposition of a related criminal prosecution. However, as a separate matter,

counsel for Harleysville (hereinafter "Plaintiff's Counsel") have filed a motion to disqualify counsel for the defendants (hereinafter "Defendants' Counsel"). For the reasons that follow, I believe it is necessary to hold an additional evidentiary hearing in this matter, and I so order.

I. Procedural History.

On December 21, 2016, Plaintiff's Counsel filed a motion to disqualify Defendants' Counsel. ECF No. 52. The motion was referred to United States Magistrate Judge Pamela Meade Sargent. In their motion, Plaintiff's Counsel asserted that Defendants' Counsel improperly accessed and reviewed certain privileged documents (hereinafter "Claims File"), that they concealed this access from Plaintiff's Counsel, and that they refused to destroy the Claims File when asked to do so. As relief, Plaintiff's Counsel sought the disqualification of Defendants' Counsel. Plaintiff's Counsel also sought court orders directing Defendants' Counsel to destroy their copies of the Claims File, directing Defendants' Counsel not to disclose the Claims File, and barring the use of the Claims File in this action. See generally Pl.'s Mem. Supp. Mot. to Disqualify, ECF No. 53. Defendants' Counsel contended in response that disqualification was inappropriate, first on the ground that Plaintiff's Counsel had failed to prove the Claims File was privileged, and second on the ground that any privilege was

waived when Harleysville posted the Claims File to a publicly-accessible folder on the Internet. See generally Defs.' Opp'n to Mot. to Disqualify, ECF No. 55.

Following full briefing by both parties, Magistrate Judge Sargent held an evidentiary hearing on this matter on January 17, 2017. At the hearing, she invited counsel to submit supplemental evidence and case law following the hearing. Both Plaintiff's Counsel and Defendants' Counsel did so. Defendants' Counsel subsequently objected to Plaintiff's Counsel's submission, arguing that the evidence contained therein should properly have been presented via testimony at the hearing, where the witnesses would have been subject to cross-examination and evidentiary objections. Defs.' Obj. to Pl.'s Supplementation 5, ECF No. 66. Magistrate Judge Sargent agreed and sustained Defendants' Counsel's objections, a decision to which Plaintiff's Counsel timely objected. Order, ECF No. 67; Pl.'s Obj., ECF No. 73.

Magistrate Judge Sargent subsequently denied Plaintiff's Counsel's motion to disqualify. Assuming without deciding that at least some portion of the Claims File was privileged, she found that any privilege had been waived when Harleysville uploaded the files to a publically-accessible, non-password-protected website. Mem. Op. 9, 13, ECF No. 68. Because any privilege was waived, she concluded, disqualification of Defendants' Counsel was unwarranted, since replacement counsel would be entitled to access the same information. *Id.* at 17.

However, she also held that because Defendants' Counsel knew or should have known they had accessed potentially-privileged information, they should have revealed this access to Plaintiff's Counsel and should have asked the court to decide the question of waiver before making use of the information. *Id.* at 16. Because they did not do so, she said, their conduct "require[d] some sanction." *Id.* She accordingly imposed sanctions on Defendants' Counsel in the form of payment of attorneys' fees.

Both Plaintiff's and Defendants' Counsel filed timely objections. Plaintiff's Counsel objected to Magistrate Judge Sargent's finding that Harleysville had waived any privilege and to her denial of their Motion to Disqualify. See generally Pl.'s Obj., ECF No. 73. Defendants' Counsel objected to Magistrate Judge Sargent's *sua sponte* imposition of sanctions, arguing that such sanctions were both unwarranted and unjust. See generally Defs.' Obj., ECF No. 70. These objections are now before me for review.

## II. STANDARD OF REVIEW.

The issues raised by both parties — namely, questions of privilege and waiver along with sanctions — are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). I therefore must consider the parties' objections and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Findings of fact are reviewed under the Rule's "clearly erroneous" standard. *Gairola v. Va. Dep't of Gen. Servs.*, 753 F.2d 1281, 1288 (4th Cir. 1985); *see also Bruce v. Hartford*, 21 F. Supp. 3d 590, 594 (E.D. Va. 2014); *HSBC Bank USA, Nat'l Ass'n v. Resh*, No. 3:12-CV-00668, 2014 WL 317820, at *7 (S.D.W. Va. Jan. 28, 2014). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin (In re Robertson)*, 772 F.2d 1150, 1153 (4th Cir. 1985).

The magistrate judge's decisions on questions of law, however, I review under the Rule's "contrary to law" standard. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). In the context of Rule 72(a), this "contrary to law" standard is equivalent to *de novo* review. *Id.* (holding that review of a question of law "is plenary under the 'contrary to law' branch of the Rule 72(a) standard" and that therefore, "[f]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and . . . [a] de novo standard" (citations omitted)); *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) (holding that while "[t]he district court is bound by the clearly erroneous rule in findings of facts[,] the phrase 'contrary to law' indicates plenary review as to matters of law"); *Bruce*, 21 F. Supp. 3d at 594; *HSBC Bank USA, Nat'l Ass'n*,

2014 WL 317820, at *7; 12 Charles Allen Wright, et al., Federal Practice and Procedure § 3069 (2d ed. 2017) (noting that "[r]egarding legal issues, the language 'contrary to law' appears to invite plenary review").

### III. ADDITIONAL EVIDENCE.

In conducting my review, it is within my discretion to receive and consider additional evidence. *United States v. Caro*, 461 F. Supp. 2d 478, 480 n.2 (W.D. Va. 2006), *aff'd*, 597 F.3d 608 (4th Cir. 2010); *see also United States v. Frans*, 697 F.2d 188, 191 n.3 (7th Cir. 1983) (noting that 72(a) "do[es] not necessarily restrict district court review of a magistrate's findings" and stating that the district court may "receiv[e] additional evidence or conduct[ ] a full review"); 12 Charles Allen Wright, et al., *supra* (noting that "a district judge should have at least the authority to consider further evidence in reviewing rulings on nondispositive matters").

In this case, I exercise my discretion to receive supplemental evidence. As I note below, the record is lacking in evidence regarding certain important matters. In addition, the issues presented here are unique. As Magistrate Judge Sargent noted at the January 17 hearing, there appears to be little, if any, case law that is directly on point, and this case may very well be one "of first impression with regard to the discovery process." Hr'g Tr. 20:18-20, Jan. 17, 2017, ECF No. 62. In addition, because all other aspects of this litigation have been stayed, see ECF

No. 95, any delay in resolution of the pending objections in order to supplement the record is not a relevant concern.

By choosing to receive additional evidence, I do not intend to reopen all evidence in the case, nor do I intend to repeat evidence already presented before Magistrate Judge Sargent. Instead, I desire the parties to present the following at an evidentiary hearing to be scheduled:

    a. The documents disclosed that Plaintiff's Counsel contends are privileged, for *in camera* review;

    b. Witness testimony as to the matters Plaintiff's Counsel sought to introduce by way of their supplemental briefing and declarations that were excluded by Magistrate Judge Sargent, along with any rebuttal evidence thereto by Defendants' Counsel; and

    c. Witness opinion testimony, if available, by the Virginia State Bar or other knowledgeable expert, as to the propriety of Defendants' Counsel's conduct at issue.

For the foregoing reasons, an evidentiary hearing is hereby **ORDERED**, and the court directs the Clerk to schedule such hearing at the parties' earliest convenience.

    ENTER: May 19, 2017

    /s/ James P. Jones
    United States District Judge