UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **HARLEYSVILLE INSURANCE COMPANY,** | ) ) |
| Plaintiff/Counterclaim Defendant, | ) ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) Case No. 1:15cv00057 |
| | ) |
| **HOLDING FUNERAL HOME, INC., et al.,** | ) ) |
| Defendants/Counterclaim Plaintiffs. | ) ) |

By Memorandum Opinion and Order entered on February 9, 2017, the undersigned denied Plaintiff's Motion Requesting The Disqualification of Defendants' Counsel, (Docket Item No. 52). Nonetheless, the undersigned determined that a lesser sanction should be imposed on defense counsel and ordered plaintiff's counsel to provide the court with statements of the costs and fees incurred by their client, Harleysville Insurance Company, in pursuing the motion. Those statements are before the court, (Docket Item Nos. 81, 82), along with defense counsel's response, (Docket Item No. 88), and plaintiff's reply, (Docket Item No. 89).

The material facts surrounding the issues before the court were set out in the undersigned's February 9, 2017, Memorandum Opinion, and, for sake of brevity, will not be repeated here. Plaintiff's counsel have filed statements with the court seeking an award of $68,615.25 in fees and $1,749.40 costs for pursuing plaintiff's motion to disqualify defense counsel. Regardless of its earlier statement, the court

is of the opinion that an award of fees and costs in that amount as a sanction would result in a windfall to plaintiff, which is not the court's intention. The blame for the circumstances that have brought this matter before the court are, in the court's opinion, shared by each side. The court's intent was to fashion a sanction appropriate for the unprofessional behavior of defense counsel in failing to notify Harleysville's counsel that it had accessed material it should have known that Harleysville was asserting was privileged. If defense counsel had acted as the court believes it should have – in that it had sequestered the potentially privileged information and notified Harleysville's counsel of its receipt – it is still likely that the parties would have sought the court's decision as to whether the information disclosed was privileged and whether any privilege had been waived by its disclosure. Thus, much of the fees and costs sought would have been incurred any way.

After reviewing the parties arguments, and Harleysville's counsel's itemized statements, the court will award sanctions against defense counsel in the amount of $7,137.00. This amount is roughly equal to Harleysville's counsel's work in preparing and drafting the motion to disqualify, which by the court's calculation involved 54.9 hours of attorney time at an hourly rate of $130.00. More, importantly, it does not include fees for time spent determining how defense counsel acquired Harleysville's claims file. Nor does it include time spent reviewing the defense response to the motion or preparing and drafting Harleysville's reply, both of which primarily focused on the issues of privilege and waiver. It also does not include time spent preparing for the hearing or the travel expenses incurred to appear at the hearing. Finally, it does not include any fees and expenses incurred in providing the court an itemization of the fees and expenses incurred.

While the court has based the amount of sanctions imposed on fees and expenses incurred, this is not an award of fees and expenses. This is a sanction imposed by the court in response to defense counsel's actions in the case. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (federal courts have the power to discipline attorneys who appear before them). The assessment of fees as a sanction is within a court's inherent power. *See Chambers*, 501 U.S. at 45. While the court has looked to fees incurred in determining the proper amount of monetary sanction to impose, it is not bound by the analysis commonly applied to the award of attorneys' fees.

An appropriate order will be entered.

ENTERED: July 28, 2017.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE